**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEILA B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No.: 24-9090 <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the appeal of Sheila B.[1] ("Plaintiff") seeking review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act ("SSA"). *See* ECF No. 1; *see also* ECF No. 6 ("Pl. Br.").  The Commissioner opposed the appeal (ECF No. 10, "Def. Br."), and Plaintiff replied (ECF No 11, "Reply").  This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

## I.    BACKGROUND

At the time of the administrative hearing, Plaintiff was a 60-year-old woman who attended school through eleventh grade.  ECF No. 4-6 ("Tr.") at 57.  She previously worked as a Fast-Food Worker, Deli Cutter-Slicer, and Retail Sales Clerk.  *Id.* at 41–42.  She also worked part-time for approximately ten-to-twenty hours per week at the Urban League of Essex County from June 2022

---

[1] Pursuant to District of New Jersey standing order 2021-10, "any non-governmental party will be identified and referenced solely by first name and last initial" due to privacy concerns present in social security cases. D.N.J. Standing Order 2021-10; *see also Bryan S. v. Kijakazi*, No. 20-cv-11145, 2022 WL 2916072, at *1 n.1 (D.N.J. July 25, 2022).

to July 2023.[2]  *Id.* at 201.  Her appeal is predicated on the following impairments:  asthma, hypertension, sensorineural hearing loss, right ear tinnitus, and right shoulder osteoarthritis.  Pl. Br. at 6.

### A.    Summary of Medical Treatment

Plaintiff was diagnosed with asthma as a child, has been to the emergency room for asthma attacks, and has consistently taken prescription medication to treat her asthma.  *Id.* at 379–80, 404. Plaintiff has a history of smoking, and reported smoking three-to-five cigarettes or less some days, but not every day.  *Id.* at 375, 404, 433.  In May 2022, her asthma exacerbated, and her doctor diagnosed her with moderate persistent asthma with status asthmaticus.  *Id.* at 434.  She exhibited wheezing and reported shortness of breath, productive cough, and generalized weakness.  *Id.* at 433.  In December 2022, Plaintiff's asthma again exacerbated.  *Id.* at 415.  Her doctor noted that she demonstrated wheezing in all four quadrants of the lungs and was coughing incessantly, but that her oxygenation was 98% oxygen.  *Id.*  Her doctor prescribed Zithromax Z-Pak, Ceftin, high-dose prednisone, and Promethazine-DM syrup, and she was instructed to continue her other asthma medication.  *Id.*  After taking medication, Plaintiff reported significant improvement of her respiratory symptoms.  *Id.* at 410.  Her asthma was labeled as clinically stable.  *Id.* at 411–12.

Plaintiff was diagnosed with hypertension in 2020 but has never been hospitalized for uncontrolled blood pressure.  *Id.* at 404.  Plaintiff has taken prescription medication for hypertension since at least March 2022.  *Id.* at 379–80.

Plaintiff was diagnosed with bilateral sensorineural hearing loss and right ear tinnitus in July 2022.  *Id*. at 395–402.  Testing demonstrated mild hearing loss in the left ear and mild to moderate hearing loss in the right ear, with 100%-word recognition but abnormal emissions in the

---

[2] The ALJ found that her part-time work after the alleged disability onset date, October 21, 2021, did not rise to the level of substantial gainful activity.  Tr. at 35.

left ear suggesting possible cochlear deficits or conductive dysfunction, and acoustic reflexes were absent at all tested frequencies in both ears. *Id.* at 399–400. She had normal hearing to conversational voice. *Id.* at 398. She was advised to obtain otologic treatment and "avoid any loud noise exposure." *Id.* at 400. Bilateral hearing aids were recommended. *Id.*

Plaintiff was diagnosed with right shoulder osteoarthritis in May 2023. *Id.* at 483. Examination revealed positive Neer's and Hawkins' tests, limited active range of motion due to pain, and the presence of a small bone spur on imaging. *Id.* at 465, 487. Imaging studies further identified calcification adjacent to the superior aspect of the glenoid. *Id.* at 487. Additionally, the imaging showed hypertrophic degenerative changes on the undersurface of the acromioclavicular (AC) joint, consistent with arthritis. *Id.* at 487. Plaintiff had some limitation of active range of motion secondary to pain, but full passive range of motion of the shoulder. *Id.* at 465. Plaintiff also reported symptomatic relief with medication. *Id.*

### B.     Procedural History

Plaintiff initially filed an application for DIB on February 9, 2022, alleging an onset of disability of October 21, 2021. *Id.* at 35, 84. Plaintiff's claim was denied by the reviewing state agency at both the initial and reconsideration levels. *Id.* at 90, 99. An ALJ held an administrative hearing on September 6, 2023, at which Plaintiff (who was represented by counsel) and an impartial vocational expert testified. *Id.* at 48. The ALJ issued an unfavorable decision on November 21, 2023. *Id.* at 30–46. On July 23, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner. *Id.* at 1–6. This appeal followed.

## II.     LEGAL STANDARD

### A.     Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §

405(g).  The Commissioner's application of law is subject to plenary review, but factual findings

must be affirmed if they are supported by substantial evidence.  *Markle v. Barnhart*, 324 F.3d 182,

187 (3d Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate."  *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v.

Perales*, 402 U.S. 389, 401 (1971)).  Stated differently, substantial evidence consists of "more than

a mere scintilla of evidence but may be less than a preponderance."  *McCrea v. Comm'r of Soc.

Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review."  *Jones v.

Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).  Accordingly, the standard places a significant limit

on the district court's scope of review:  It prohibits the court from "weigh[ing] the evidence or

substitut[ing] its conclusions for those of the fact-finder."  *Williams v. Sullivan*, 970 F.2d 1178,

1182 (3d Cir. 1992).  Therefore, even if this Court would have decided the matter differently, it is

bound by the ALJ's findings of fact so long as they are supported by substantial evidence.  *Hagans

v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Fargnoli v. Massanari*, 247

F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's

decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert

opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective

evidence of pain testified to by the Plaintiff and corroborated by family and neighbors; and (4) the

Plaintiff's educational background, work history, and present age."  *Holley v. Colvin*, 975 F. Supp.

2d 467, 475 (D.N.J. 2013), aff'd 590 F. App'x 167 (3d Cir. 2014).

The ALJ must explain his reasoning such that the final determination is amenable to

meaningful review.  *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).  The Third

Circuit has held, however, that an ALJ need not use particular language or adhere to a particular

format when conducting his analysis, as long as there is "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

**B.    Determining Disability**

In order to be eligible for benefits under the SSA, a claimant must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Considering the claimant's age, education, and work experience, disability is evaluated by the claimant's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). A claimant is disabled for SSA purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability are made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382a(3)(D).

**C.    Sequential Evaluation Process for a Continuing Disability**

The Social Security Administration follows a five-step, sequential evaluation to determine

5

whether a claimant is disabled under the SSA.  20 C.F.R. §§ 404.1520, 416.920.

First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  *Sykes*, 228 F.3d at 262.  Second, if the claimant is not engaged in such activity, the ALJ determines whether the claimant has any impairments severe enough to limit her ability to work.  *Id.*  Third, if she has any severe impairments, the ALJ considers the medical evidence to determine whether the impairment or combination of impairments is included in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  *Id.*  If the claimant's impairment(s) medically equal one of the Listings, this results in a presumption of disability.  *Id.*  If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains despite her impairment.  *Id.* at 263.  Fourth, the ALJ must consider whether the claimant's RFC is enough to perform her past relevant work.  *Id.*  Fifth, if her RFC is not sufficient to perform past work, the ALJ must determine whether there is other work in the national economy the claimant can perform.  *Id.*

The evaluation continues through each step unless it is ascertained at any point that the claimant is or is not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant bears the ultimate burden of establishing steps one through four.  *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).  The burden shifts to the Commissioner at step five to prove that the claimant can perform a job that exists in the national economy.  *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

## III.   DISCUSSION

### A.     Summary of the ALJ's Decision

At step one of the five-step sequential process, the ALJ determined that Plaintiff had not performed substantial gainful activity since her alleged onset date, October 21, 2021.  Tr. at 35. Next, at step two, the ALJ found that Plaintiff had the severe impairments of asthma, hypertension,

sensorineural hearing loss, right ear tinnitus, and right shoulder osteoarthritis. *Id.* at 36. At step three, the ALJ determined that Plaintiff's conditions, individually or in combination, did not meet or medically equal a listed impairment. *Id.* at 36–37. The ALJ then concluded that Plaintiff retained the ability to perform light work, with the following exceptions:

> occasionally engage in pushing and/or pulling with the bilateral upper extremities; never operating foot controls bilaterally; occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; occasionally stooping, crouching, or kneeling; never crawling; occasionally balancing; never tolerating any exposure to heavy industrial moving machinery, unprotected heights, vibrations, loud noises, or driving vehicles; avoiding concentrated exposure to extreme heat or cold, wetness or humidity, irritants (such as fumes, odors, dust, and gases), mists, poorly-ventilated areas, and chemicals; frequently reaching bilaterally; and performing occupations with no more than a moderate sound/noise level (e.g., business office where typewriters are used, department store, grocery store, or light traffic).

*Id.* at 37–41. At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a deli cutter-slicer. *Id.* at 41. Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 42.

### B.    Plaintiff's Arguments on Appeal

In the instant appeal, Plaintiff contends that the ALJ (1) erred by failing to assess a certificate written by Dr. Saros, Plaintiff's treating provider, in compliance with 20 CFR § 404.1520c; (2) failed to evaluate whether Plaintiff was disabled for a continuous period of 12 months as required under 42 U.S.C. § 423(d)(1)(A); and (3) erred in concluding that Plaintiff could perform past relevant work as a Deli Cutter-Slicer, despite limitations in pushing, pulling, and other exertional restrictions. Pl. Br. at 4. The Court addresses each argument in turn.

### 1.    Consideration of Dr. Saros's Certificate

Plaintiff argues that the ALJ did not consider Dr. Saros's "certificate to return to work" from July 2023, in which she opined that Plaintiff should be excused from work from July 14,

2023, through November 5, 2023.  Pl. Br. at 12.  Dr. Saros's certificate appears to be addressed to

Plaintiff's employer, and contains no substantive opinions regarding Plaintiff's ability to work.

Instead, the certificate states that her "absence is physician advised due to illness" and requests

that the addressee "excuse SHEILA BELVIN from work for the following dates:"  July 14, 2023

to November 5, 2023.  Tr. at 488.

Under the relevant regulations, the ALJ was not required to provide analysis about how he

considered Dr. Saros's certificate.  The Social Security Administration regulations provide a list

of types of evidence that are "inherently neither valuable nor persuasive to the issue of whether

you are disabled."  20 C.F.R. § 404.1520b(c).  The ALJ is not required to "provide any analysis

about how [he] considered such evidence in [his] determination or decision."  *Id.*  The list includes

"[s]tatements that you are or are not disabled, blind, *able to work*, or able to perform regular or

continuing work."  20 C.F.R. § 404.1520b(c)(3)(i).  *Mederos v. Colvin*, No. 14-3800, 2015 WL

5167109, at *7 (D.N.J. Sept. 3, 2015) ("With respect to Plaintiff's treating physicians' opinions

that Plaintiff cannot work, the ALJ is not bound by such opinions because they directly conflict

with the ALJ's exclusive adjudicatory authority"); *Lanier v. Kijakazi*, No. 20-1414, 2022 WL

969771, at *7 (M.D. Pa. Mar. 30, 2022) ("[A] conclusory medical opinion that states a claimant is

'disabled or unable to work' is not a medical opinion, and an ALJ does not have to discuss it.").

Dr. Saros's certificate provides no opinion or analysis beyond his statement that Plaintiff cannot

work, which falls squarely within the type of evidence an ALJ is not required to discuss.  Therefore,

the ALJ was not required to provide further analysis regarding his consideration of the certificate.

### 2.    Lack of Continuous Disability Finding

Second, Plaintiff argues that the ALJ failed to evaluate whether Plaintiff was disabled for

a continuous period of twelve months as required under 42 U.S.C. § 423(d)(1)(A).  Plaintiff

appears to contend that the ALJ was required to consider whether there was a specific twelve-

month stretch during the relevant time frame in which Plaintiff was continuously disabled, but did not.  The Court disagrees.

First, the ALJ concluded that Plaintiff "has not been under a disability within the meaning of the Social Security Act from October 21, 2021 through the date of this decision," November 21, 2023.  Tr. at 35.  Second, Plaintiff's contention that "[t]he ALJ's analysis focuses only on Plaintiff's condition at the time of the hearing and fails to consider whether Plaintiff's functional limitations, in combination, resulted in a continuous inability to engage in substantial gainful activity (SGA) over a 12-month period" is incorrect.  Reply at 5.  The ALJ considered evidence from throughout the two-year period between the alleged onset date and his decision.  For example, the ALJ considered the status of her conditions in 2021, nearly every month of 2022, and in 2023, as evidenced by his detailed analysis of her physician's reports during this time period.  *See* Tr. at 38–41.  The ALJ analyzed "the combined effects of [Plaintiff's] asthma, hypertension, and right shoulder osteoarthritis," and weighed them against the medical findings of various physicians who found her limitations manageable in an environment of light exertion, as well as Plaintiff's self-reports of her ability to perform daily activities, including personal care, meal preparation, laundry, dishwashing, taking public transportation, shopping, and attending church.  *Id.* at 40–41, 268–71.

Furthermore, Courts confronted with similar arguments regarding a purported failure to consider whether Plaintiff was disabled for a continuous period of twelve months have rejected them.  *See, e.g.*, *Maslowski v. Colvin*, No. 15-1833, 2016 WL 1259967, at *18 (D.N.J. Mar. 31, 2016) (finding that the ALJ properly considered "whether Plaintiff was disabled for any consecutive twelve-month [period] from the date of alleged onset of his disability" because he "considered Plaintiff's condition each year and determined that Plaintiff was not disabled for any sustained period of time between" the onset date and the decision date); *Colon v. Kijakazi*, No. 23-36, 2025 WL 1918573, at *18 (D. Del. July 11, 2025), *report and recommendation adopted*, No.

23-36, 2025 WL 2146179 (D. Del. July 29, 2025) (rejecting argument where ALJ stated that plaintiff was not disabled from the onset date through the date of the decision). Therefore, Plaintiff's durational argument is unavailing.

### 3.    Past Relevant Work Finding

Third, Plaintiff argues that the ALJ erred in concluding that the Plaintiff could perform past relevant work as a Deli Cutter-Slicer, despite his RFC findings of limitations in pushing, pulling, and other exertional restrictions. The Court disagrees, and finds that the RFC supports a finding that Plaintiff can perform the job description of a Deli Cutter-Slicer.

After reciting a detailed review of the evidence, the ALJ found, in relevant part, that Plaintiff "is limited to occasionally pushing and/or pulling with the bilateral upper extremities, . . . occasionally climbing ramps and stairs, . . . frequently reaching bilaterally; and performing occupations with no more than a moderate sound/noise level (e.g., business office where typewriters are used, department store, grocery store, or light traffic)." Tr. at 38. The ALJ reached this conclusion by considering that her asthma is mild to moderate and exacerbations resolve quickly after treatment, and her hypertension is controlled on medication and is largely asymptomatic. *Id.* at 41. He also weighed Plaintiff's testimony about pain in her neck, shoulders, and back against the fact that such reports are not corroborated by objective evidence. *Id.* The ALJ also considered that although Plaintiff's active range of motion was slightly reduced secondary to pain, she retained full passive range of motion, motor strength, and sensation. *Id.* With regard to Plaintiff's hearing loss, he noted that she suffered from mild hearing loss on the left side and mild to moderate hearing loss on the right side, but that she retained 100% word recognition binaurally. *Id.*

After making this RFC determination, the ALJ turned to step four, where he was required to consider whether the claimant's RFC is enough to perform her past relevant work. *Sykes*, 228

F.3d at 263.  The ALJ "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence [he] need[s] to help [him] determine whether [claimants] can do [their] past relevant work, given [their] residual functional capacity."  20 C.F.R. § 404.1560.  Here, the ALJ relied on the testimony of a vocational expert, who testified that an individual with Plaintiff's RFC could perform her past relevant work as a Deli Cutter-Slicer as generally performed in the national economy and as she actually performed it.  Tr. at 71–72.  The vocational expert testified that his opinion was consistent with the Dictionary of Occupational Titles ("DOT"), which described the tasks of Deli Cutter-Slicer as follows:

1. Cuts delicatessen meats and cheeses, using slicing machine, knives, or other cutters:
2. Places meat or cheese on cutting board and cuts slices to designated thickness, using knives or other hand cutters.
3. Positions and clamps meat or cheese on carriage of slicing machine.
4. Adjusts knob to set machine for desired thickness.
5. Presses button to start motor that moves carriage past rotary blade that slices meats and cheeses.
6. Stacks cut pieces on tray or platter, separating portions with paper.
7. May weigh and wrap sliced foods and affix sticker showing price and weight.

316.684-014 Deli Cutter-slicer, DICOT 316.684-014.  Plaintiff's RFC appears to fall within the DOT description because it does not appear to describe tasks that require excessive pulling or pushing, climbing, or loud noises.  The job of Deli Cutter-Slicer generally occurs in a grocery store, which is one of the examples given in the RFC as an environment with moderate noise levels.  Tr. at 38.  Plaintiff argues that the DOT job description has not been updated since 1977, and so does not take into account updates in machinery, atmosphere, or technology.  Reply at 8.  However, Plaintiff does not explain how the job differs today, or specifically how she is incapable of performing its functions based on the RFC.  For these reasons, the Court finds that

the ALJ's decision that Plaintiff could perform the tasks of a Deli Cutter-Slicer is supported by sufficient analysis and substantial evidence.

## IV.    <u>CONCLUSION</u>

In sum, the ALJ's decision contains a review of evidence and analysis that "a reasonable mind might accept as adequate to support [the] conclusion" that Plaintiff's RFC of light work was proper.  *Mattei v. Comm'r Soc. Sec.*, No. 22-2721, 2023 WL 3479567, at *2 (3d Cir. May 16, 2023).  Ultimately, the Court is not permitted to remand simply because it may have reached a different determination based on the evidence in the record.  *S.F. v. Comm'r of Soc. Sec. Admin.*, No. CV 21-15484 (RMB), 2022 WL 4596721, at *5 (D.N.J. Sept. 30, 2022) ("In short, Plaintiff's challenge essentially constitutes an impermissible request for the Court to reweigh the evidence of record, but this challenge fails on appeal.").  Because the ALJ's determination is supported by substantial evidence, remand and/or reversal is not appropriate.  Thus, the ALJ's decision is affirmed.

**Accordingly**, **IT IS** on this 8th day of September, 2025,

**ORDERED** that Plaintiff's appeal (ECF Nos. 1, 6) is **DENIED**; and it is further

**ORDERED** that the decision of the Administrative Law Judge is hereby **AFFIRMED**; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as **CLOSED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**
